IN THE MATTER OF THE APPLICATION OF THE ATTORNEY-GENERAL v. THE NORTH AMERICAN LIFE INSURANCE COMPANY, JOHN F. SMYTH, Superintendent, etc., Appellant, HENRY R. PIERSON, Receiver, etc., Respondent.

Where a receiver has been appointed of a registered policy life insurance company, pursuant to the act of 1869 (§ 7, chap. 902, Laws of 1869), and the superintendent of the insurance department has sold the securities deposited with him to secure such policies, as prescribed by said act (§ 8), the receiver is entitled to have the proceeds immediately paid over to him; the superintendent has no right to retain the fund until the receiver is ready to distribute it.

The State is simply custodian of the securities, and when converted under the provisions of the act, the receiver becomes the rightful custodian of the proceeds.

*It seems,* that the bond given by the receiver as required by said act (§ 7) covers a misappropriation by him of such proceeds; but if otherwise this will not affect the explicit language of the act requiring the payment to him.

(Argued January 27, 1880; decided February 24, 1880.)

APPEAL by the superintendent of the insurance department from an order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term which directed the issuing of a peremptory writ of mandamus requiring him to pay over to Henry R. Pierson the receiver of the North American Life Insurance Company the proceeds of the sales and conversions of securities deposited by said company with the superintendent, to secure registered policies, under and in pursuance of the act chapter 902, Laws of 1869.

The facts are sufficiently stated in the opinion.

*A. Schoonmaker, Jr.,* attorney-general, for appellants. The superintendent of insurance is as to the funds held by him under the act of 1853, a statutory trustee, and cannot divest himself of his trust, nor can the courts do so for him, but he must execute it for the benefit of the policy-holders.

(*Ruggles* v. *Chapman*, 59 N. Y., 163; *People ex rel. Ruggles* v. *Chapman*, 64 id., 557; *In re Guardian Mut. L. Ins. Co.*, 13 Hun, 115, affirmed in Court of Appeals, 1879.)

*R. W. Peckham*, for respondent.

Andrews, J.   On the 18th day of March, 1877, by a decree of the Supreme Court, made on the application of the attorney-general, Henry R. Pierson was appointed receiver of The North American Life Insurance Company, a registered policy company, pursuant to the act chapter 902, of the Laws of 1869.    The receiver filed a bond for the faithful performance of his duties in the penalty of $100,000, as required by the seventh section of the act.    Immediately thereafter, pursuant to the eighth section of the act, he appointed an actuary approved by the superintendent of the insurance department, who duly made an investigation into the condition of the company, and made a report to the court, and to the receiver, showing that the assets of the company were insufficient to pay its policies, annuities, and other obligations as they should mature, which report was confirmed by the court.

The superintendent of the insurance department subsequently, with the consent and advice of the State treasurer, and of the receiver, sold and converted into cash, the securities which had been transferred to him by the North American Life Insurance Company, under the provisions of the act of 1869, and he now has in his hands as superintendent, the sum of $99,734.22, the proceeds of such sale or conversion. After this sum came to the hands of the superintendent, the receiver requested him to pay the same to him, upon his executing a receipt therefor, which he offered to do.    The superintendent declined, and refused to pay over the same to the receiver, until the latter was ready to distribute the fund among the policy-holders, and annuitants entitled thereto.    It is not denied that the whole fund will be required to enable the receiver to pay the claims against the same, and it appears that proceedings have been taken, and

are now pending, to ascertain and liquidate the claims of creditors to the fund.   The question presented on this appeal is as to the right of the receiver to the immediate possession of the fund in question, notwithstanding the fact that he is not yet ready to make distribution.

We think the statute determines this question in favor of the receiver.   The eighth section, after providing for the sale and conversion into money of the securities by the super-intendent, with the advice and consent of the State treasurer, and in such manner as they and the receiver, or a majority of them, shall determine, declares that " the proceeds of such sale or sales shall be paid to the said receiver on his giving his receipt to said superintendent."   The next clause of the section directs that the proceeds shall be applied by the receiver to the payment of registered policy-holders and annuitants of the company, according to a valuation of the contracts, to be determined as provided in the section, and the surplus, with all other assets, to the payment of all the just debts of the company.

The language of the eighth section is explicit and unam-biguous, and leaves no room for construction.   Nor do we perceive that the force of the direction to pay the proceeds of the sale or conversion of the securities to the receiver is limited by the other parts of the act.   The purpose of the act is to secure policy-holders and annuitants of an insurance company holding registered policies and annuities, by the deposit of securities by the company with the superintendent of the insurance department.   The State, whose agent and officer the superintendent is, assumes no obligation to pay the policies and annuity bonds issued under the act, for the secu-rity of which the deposit is made.   The fourth section ex-pressly declares that nothing in the act shall be construed as implying any such obligation "beyond a proper application of the securities so deposited toward their liquidation, as herein-after provided."   The provision thereinafter made for the ap-plication of the securities in case of the insolvency of a regis-tered policy company, is contained in the eighth section, which,

as has been seen, provides for their conversion into money by the superintendent, and the payment of the proceeds to the receiver. The State is the custodian of the securities, and when converted under the provisions of that section, the receiver becomes the rightful custodian of the proceeds. When they are paid over to the receiver, the trust assumed by the State has been discharged. The fund is then in the possession of the court. The receiver is its officer, subject to its control and direction. The court possesses ample power to make regulations to protect the fund. It may require new or additional security to be given by the receiver, and direct as to the investment of the fund, until the period for distribution arrives.

It is suggested that the bond given under the seventh section of the act would not cover a misappropriation by the receiver of the proceeds of securities held under the act of 1869. This claim is clearly unfounded. The money, when paid to the receiver, is held by him for distribution under the eighth section. It is money paid to him in his official capacity, upon the happening of a contingency provided for by the statute under which the bond is given, and is held by him subject to the duty imposed by the act. A violation of that duty would be a breach of the condition of the bond. If the fact was otherwise, and it was held that the bond mentioned in the seventh section did not, by its terms or construction, cover this fund, it would not alter the construction of the explicit language of the act, directing the payment by the superintendent, to the receiver, of the proceeds of securities converted. It would in that case be the duty of the court to require adequate security to be given by the receiver for such proceeds.

We perceive no authority in the statute for the contention of the superintendent, that he is entitled to delay the payment of the money in question to the receiver until he is ready to distribute it. It might have been wise to have inserted such a provision in the act, but it has not been done, and we cannot interpolate into the statute a qualification of

the superintendent's duty, which the Legislature has not seen fit to insert.

The order should be affirmed.

All concur, except CHURCH, Ch. J., MILLER and DAN-FORTH, JJ., dissenting.

Order affirmed.